IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 17-44-LPS |
| v. | ) | |
| | ) | |
| MICHAEL KOLMONEN, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, Acting United States Attorney for the District of Delaware, and Alexander S. Mackler and Edmond Falgowski, Assistant United States Attorneys, and the Defendant, Michael Kolmonen, by and through his attorney, Anna Durbin, Esquire, the following agreement is hereby entered into knowingly, voluntarily and intelligently by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. The Defendant shall execute all necessary waivers of indictment and of venue and enter a guilty plea to Counts 1 through 18 of the Information. Count 1 charges conspiracy, in violation of Title 18, United States Code, Section 1951; Count 2 charges Possession and Brandishing of a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2; and Counts 3 through 18 charge Hobbs Act robbery affecting interstate commerce, in violation of Title 18, United States Code, Section 1951.

2. The Defendant understands that the charges against him in Counts 1 and 3 through 18 of the Information carry with them, for each count, a maximum penalty of 20 years' incarceration; three years' supervised release; a $250,000 fine; restitution; and a $100 special assessment.

3. The Defendant understands that the charge against him in Count 2 of the Information carries with it, in addition to the punishment provided for, as a result of his convictions for Counts 1 and 3 through 18, a seven (7) year mandatory minimum prison sentence with no statutory maximum, and a maximum of the following: a $250,000 fine; five (5) years of supervised release; and a $100 special assessment. The term of imprisonment for conviction of Count 2 will run consecutive to, that is after, any term of imprisonment on Counts 1 and 3 through 18.

4. The Defendant understands that if he were to proceed to trial on Count 1 of the Information, the United States would have to prove beyond a reasonable doubt the following elements of that offense to which he is pleading guilty:

    (a) that the Defendant knowingly and willfully conspired and agreed with another;
    (b) to unlawfully obstruct, delay and affect commerce, and the movement of articles and commodities in such commerce, by robbery in violation of 18 U.S.C. § 1951, which elements are outlined in Paragraph 6, below; and
    (c) the Defendant joined the agreement knowing the objective.

5. The Defendant understands that if he were to proceed to trial on Count 2 of the Information, the United States would have to prove beyond a reasonable doubt the following elements of the offense to which he is pleading guilty:

    (a) that the Defendant committed or aided and abetted the commission of a crime of violence, that is, Hobbs Act Robbery as set forth in Count 17 of the Information;
    (b) that the Defendant knowingly brandished or aided and abetted the brandishing of a firearm during or in furtherance of the crime of violence; and
    (c) that the brandishing of the firearm facilitated or advanced the commission of that crime of violence.

6. The Defendant understands that if he were to proceed to trial on Counts 3 through 18 of the Information, the United States would have to prove beyond a reasonable doubt the following elements of Hobbs Act robbery for each offense to which he is pleading guilty:

 (a) the Defendant obtained property from another without that person's consent;

 (b) the Defendant did so by wrongful use of actual or threatened force, violence, or fear; and

 (c) as a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree.

The Defendant acknowledges that if the government proved beyond a reasonable doubt that aided or abetted the commission of the offenses set forth in Counts 3 through 17, he is guilty of that offense as if he were a principal.

 7. The Defendant agrees to make restitution to his victims, as follows:

| Count | Victim | United States Currency |
|---|---|---|
| 3 | BP, Rt. 40 | 190 |
| 4 | Walgreens, Ogletown Rd. | 556 |
| 5 | Walgreens, Beaverbrook Plaza | 410 |
| 6 | Walgreens, Boothwyn, PA | 278 |
| 7 | Walgreens, Marrows Rd. | 376 |
| 8 | Rite Aid, Elkton, MD | 213 |
| 9 | Walgreens, 2719 Pulaski Hwy. | 467.39 |
| 10 | Walgreens Possum Park Rd | 577.98 |
| 11 | CVS, E. Chestnut Hill Rd. | 400 |
| 12 | CVS, Pulaski Hwy. | 513.59 |
| 13 | Dunkirk Liquors, Kirkwood Hwy. | 1500 |
| 14 | Walgreens, Philadelphia Pike | 691 |
| 15 | Walgreens, Pulaski Hwy | 399.88 |
| 16 | Walgreens Boothwyn, PA | 455 |
| 17 | Walgreens, Pulaski Hwy, Elkton, MD | 427 |
| 18 | Valero, New Castle, DE | 236.14 |
| 9 | Victims Compensation Assistance Program | |
| | | 6126.80 |
| | **TOTAL** | **$13,817.78** |

 8. The defendant agrees to pay the $1,800 special assessment at sentencing. If the defendant is incarcerated as part of his sentence, and if the defendant has unpaid special assessment, fine, or restitution obligations when the defendant begins his period of incarceration, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the

3

Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt owed.

9. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty plea, it will not oppose a three-level reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).

10. The Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), as well as applicable mandatory minimums, in determining an appropriate sentence. The Defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The District Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

11. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

12. The Defendant agrees to forfeit all interests in any and all property involved in the offenses charged in the Information, including but not limited to:

4

- the property listed above in Paragraph 7;
- one (1) .40 caliber, black Taurus PT740 semi-automatic pistol, serial number SIO69584;

The Defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the Defendant will promptly consent to the preliminary order of forfeiture becoming final as to the Defendant before sentencing if requested by the government to do so.

13. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

14. The Defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the Defendant reserves his right (1) to file an appeal or other

5

collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the Defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

15. It is further agreed by the undersigned parties that this Memorandum -- together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Anna Durbin, Esquire
Attorney for Defendant

DAVID C. WEISS
Acting United States Attorney

By: _____
Alexander Mackler
Assistant United States Attorney

_____
Michael Kolmonen
Defendant

Dated:

**AND NOW**, this 30th day of May, 2017, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Leonard P. Stark
Chief United States District Court Judge

6